UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-45 CAS |
| ) | |
| DANIEL DRAGO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Russell Bryant (registration no. 1148712) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $23.90. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $119.50, and an average monthly balance of $18.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.90, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the South Central Correctional Center, seeks monetary and declaratory relief against defendant Daniel Drago, a Detective with the St. Louis Metropolitan Police Department. Plaintiff alleges that (1) Drago used excessive force in effectuating his arrest on

December 6, 2006; and (2) Drago subsequently filed a false police report in which he provided an inaccurate account of the arrest relative to plaintiff's possession of a gun and the number of shots Drago fired at plaintiff.

**Discussion**

The Court notes that on October 19, 2009, approximately three months prior to filing the instant action, plaintiff filed another § 1983 lawsuit against Detective Daniel Drago, also arising out of plaintiff's December 6, 2006 arrest. See Bryant v. Drago, No. 4:09-CV-1747 CAS (E.D. Mo.). With the notable exception of plaintiff's present allegation that he had not been in possession of a gun during his apprehension and arrest, the allegations in the former case were substantially similar to those asserted in the instant complaint. In dismissing the earlier case under 28 U.S.C. § 1915(e)(2)(B), this Court stated:

> The facts as stated in the complaint are as follows. Plaintiff was driving in a stolen vehicle that was spotted by defendant and other covert officers. The officers used spike strips to disable the vehicle. After the vehicle stopped, plaintiff fled the scene on foot.
>
> Defendant yelled at plaintiff, "Police stop." Defendant followed plaintiff into an alley. Defendant saw that plaintiff was holding a small gun in his hand, which plaintiff raised and pointed at defendant. Defendant then fired a shot at plaintiff, which did not hit him.
>
> Plaintiff then fled into an apartment building. When defendant entered the building, plaintiff grabbed defendant's gun with both hands and struggled to gain control of the weapon. Defendant then threw his body into plaintiff and knocked him down. Plaintiff grabbed at the weapon again, and defendant punched plaintiff three times in the face. Plaintiff then got to his feet and ran up a stairwell.
>
> When he reached the top of the stairs, plaintiff ran down a hallway. At the end of the hallway, plaintiff tried to kick a door open but failed to do so. Upon reaching the hallway, defendant ordered plaintiff to drop his weapon and lay on the ground. Plaintiff then turned toward defendant and raised his weapon. Fearing for his safety, defendant fired at plaintiff once; the shot hit plaintiff.

> Plaintiff's weapon flew from his hand and fell to the floor. Plaintiff momentarily fell to the floor. As defendant approached plaintiff, plaintiff began to put his hands behind his back. When defendant was about one foot from plaintiff, plaintiff lunged at defendant and grabbed defendant's gun with both hands. Defendant pushed plaintiff away and kicked him once in the face. Defendant was then able to handcuff plaintiff.
>
> Plaintiff's complaint also references the statements of two other police officers who reported that they heard a single gunshot from the location in which plaintiff had fled.

Memorandum and Order of Nov. 10, 2009, at 3-4 (Doc. 5), in No. 4:09-CV-1747 CAS.

Finding that these allegations failed to suggest a plausible entitlement to relief under an excessive force claim, see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009), this Court dismissed the complaint for failure to state a claim upon which relief could be granted. Plaintiff did not appeal this Court's judgment.

In the instant action, plaintiff is claiming that he never had a gun in his possession on December 6, 2006, and that he was surrendering when Drago shot him. The Court finds, however, that plaintiff is judicially estopped from asserting these facts in the case at bar, because this position is clearly inconsistent with the position he took in Bryant v. Drago, No. 4:09-CV-1747 CAS. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)(noting that the purpose of judicial estoppel is to protect the integrity of the legal process by prohibiting parties from changing positions according to the exigencies of the moment).

Relying on plaintiff's allegations in the earlier case, this Court found not only that they demonstrated plaintiff was fleeing a crime scene while at the same time brandishing a weapon, but they also showed plaintiff both pointed his weapon at defendant and grabbed defendant's weapon in an effort to gain control over it. Thus, plaintiff cannot now claim that he "did not have a gun on him or in the car before or during his apprehension" and/or that Detective Drago filed a false report

"stating that [plaintiff] . . . pulled a gun on him." Moreover, as to the exact number of shots Drago fired, this Court addressed the identical issue in plaintiff's earlier case and stated, "While plaintiff makes much of the fact that the other officers' reports state that they heard a single gunshot, this does not contradict defendant's statement that he shot at plaintiff twice. This is because the other officers were not necessarily in position to hear the second gunshot, which occurred indoors." Mem. and Order of Nov. 10, 2009 at 5, No. 4:09-CV-1747 CAS. As such, plaintiff failed to state a claim relative to the violation of his constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $23.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

A separate Order of Dismissal shall accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of May, 2010.